UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENELLE THOMAS,

          Plaintiff,

vs.                    Case No.  2:12-cv-15-FtM-29DNF

MIKE SCOTT, IN HIS OFFICIAL CAPACITY
AS SHERIFF, LEE COUNTY, FLORIDA, and
BETTE  SCRUGGS,  IN  HER  OFFICIAL
CAPACITY,

          Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Motion to Dismiss or, in the Alternative, Motion to Strike (Doc. #20) filed on July 23, 2012.  No responsive briefs have been filed and the time to do so has now expired.  M.D. Fla. L. R. 3.01(b).  For the reasons set forth below, the motion is granted.

**I.**

    Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime

Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This is "more than an unadorned,  the-defendant-unlawfully-harmed-me  accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On July 5, 2012, plaintiff Genelle Thomas filed a two-count Amended Complaint (Doc. #19) against defendants Mike Scott, in his official capacity as Sheriff, Lee County, Florida and Bette Scruggs, in her official capacity.  Plaintiff brings claims for (1)

race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (Title VII) and the Florida Civil Rights Act (FCRA), Chapter 760, Florida Statutes;[1] and (2) "bad faith intentional[] and malicious[] interfer[ence] with the employment rights and business relations to Plaintiff" against defendant Scruggs. (Id., ¶¶ 1, 24.)

The Amended Complaint alleges that plaintiff worked as a contracted teacher with the Lee County School District and through "a contract or some other agreement" between the School District and the Lee County Sheriff's Office, she assisted inmates in receiving their GEDs and in obtaining their high school diplomas. (Id., ¶¶ 4, 5.) Plaintiff alleges that she was the only black teacher employed at the custodial facility and that defendants altered or created a dress code that singled out plaintiff based upon her race. (Id., ¶¶ 6, 7.) Plaintiff also alleges that as a result of the dress code she lost her employment at the custodial facility and was transferred to a lower paying position. (Id., ¶¶ 16, 17.)

Defendants contend that the Amended Complaint does not state a claim upon which relief can be granted. As to Count I,

_____

[1]The FCRA is modeled after Title VII, Joshua v. City of Gainesville, 768 So. 2d 432, 435 (Fla. 2000), and decisions construing Title VII are applicable to claims under the FCRA. Jiles v. United Parcel Serv., Inc., 360 F. App'x 61, 63 (11th Cir. 2010)(citing Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)). Therefore, the Court will not independently analyze the FCRA claim.

defendants argue that plaintiff does not specify which defendant violated her rights under Title VII and that plaintiff does not allege whether she was employed by either defendant.  (Doc. #20.) As to Count II, defendants argue that the Amended Complaint fails to put defendants on notice as to the claim that is being alleged. (Id.)

## III.

For a prima facie case of discrimination under Title VII, plaintiff must show "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).  After a review of the Amended Complaint, the Court finds that plaintiff has insufficiently pled that a similarly situated employee outside of her protected class was treated more favorably than she was treated.  "To show that employees are similarly situated, the plaintiff must establish that the employees are 'similarly situated in all relevant respects.'" Daniels v. Hale, 350 F. App'x 380, 385 (11th Cir. 2009)(quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004)).  Thus, the comparator must be "'nearly identical' to prevent courts from second-guessing employers' reasonable decisions." Id.  Plaintiff's allegation that "[o]ther teachers and

persons and employees of LCSO were not asked to alter their clothing, hair style or remove jewelry while working or attending in [sic] facility" without more is insufficient. Therefore, Count I will be dismissed without prejudice with leave to amend.

The Court finds that Count II should be similarly dismissed because it fails to give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.[2]

Plaintiff may also take this opportunity to address any additional pleading deficiencies.  For example, while plaintiff alleges that she has timely filed a charge of discrimination and received a notice of right to sue letter, she fails to attach a copy to the Amended Complaint.

Plaintiff may also review the factual allegations asserted in support of its substantive claims.  Plaintiff should clearly and concisely state the nature of her employment as a teacher at the custodial facility and specifically whether plaintiff was employed by the Lee County School District or Mike Scott and/or Bette Scruggs, in their official capacities.

Accordingly, it is now

**ORDERED:**

---

[2]Since the Court found that the allegations of the Amended Complaint are insufficient, it will not address defendants' arguments that elements of the Amended Complaint should be stricken.  (Doc. #20, pp. 7-8.)

1. Motion to Dismiss or, in the Alternative, Motion to Strike (Doc. #20) is **GRANTED** and the Amended Complaint (Doc. #19) is dismissed without prejudice.

2. Plaintiff shall file a Second Amended Complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>11th</u> day of December, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-6-